JUDGE LEON SCHYDLOWER

FILED

2025 MAR 28 PM 1:34

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY ___

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

**JORGE ALVIDREZ**
**3125 Crown Rick Dr.**
**El Paso, TX 79938**
**Plaintiff**

v.

**REMEDY TAX SOLUTIONS LLC**
**c/o Sharif S. Abdelfattah**
**5 Park Plaza**
**Irvine, California 92614**
**Defendant**

No. EP25CV0104

**COMPLAINT:**

Plaintiff, JORGE ALVIDREZ, brings this action against Defendant REMEDY TAX SOLUTIONS LLC and alleges based on personal knowledge and information, and belief, as follows:

**PARTIES:**

**1.** The Plaintiff is JORGE ALVIDREZ ("Plaintiff"), a natural person, resides in El Paso, Texas, and is a citizen of the State of Texas, and was the individual who received the alleged phone calls in this case on his private mobile telephone, and was a resident of Texas during the calls, in this case in El Paso County, Texas.

**2.** Defendant REMEDY TAX SOLUTIONS LLC ("RTS") is a limited liability company existing under the laws of California and can be served via its registered agent Sharif S. Abdelfattah, 5 Park Plaza, Irvine, California 92614.

**JURISDICTION AND VENUE**

**3.** **Jurisdiction**. This Court has federal-question subject matter jurisdiction over Plaintiff's TCPA claims pursuant to 28 U.S.C. § 1331 because the TCPA is a federal statute. *Mims v. Arrow Fin. Ser's., LLC*, 565 U.S. 368, 372 (2012). This Court has supplemental subject matter jurisdiction over Plaintiff's claim arising under Texas Business and Commerce Code 302.101 because that claim arises from Defendant's telemarketing robocalls to Plaintiff.

**4.** **Personal Jurisdiction**. This Court has specific personal jurisdiction over the Defendant because they have repeatedly placed calls to Texas residents, and derive revenue from Texas residents, and they sell goods and services to Texas residents, including Plaintiff. Defendant purposefully called Plaintiff's El Paso area telephone number

**5.** **Venue.** Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(1)-(2) because a substantial part of the events giving rise to the claims the calls and sale of goods and services directed at Texas residents, including Plaintiff occurred in this District and because Plaintiff was residing in the Western District of Texas when he received a substantial if not every single call from the Defendant that are the subject matter of this lawsuit.

**The Texas Business and Commerce Code § 302.101**

**6.** The Texas Business and Commerce code requires sellers to obtain a registration certificate from the Secretary of State in order to make telephone solicitations inside the state of Texas or to residents located in the state of Texas.

**7.** Plaintiff may seek damages for violations of Texas Business and Commerce Code § 302.101 of up to $5,000 per violation, reasonable costs of prosecuting the action, court costs, investigation costs, depositions expenses, witness fees, and attorney's fees.

**8.** Texas Business and Commerce Code § 302.101 provides a private right of action. A violation of Chapter 302 "is a false, misleading, or deceptive act or practice under Subchapter E,

Chapter 17" and is enforceable as such: "A public or private right or remedy prescribed by Subchapter E, Chapter 17, may be used to enforce [Chapter 302." Tex. Bus. & Com. Code §302.303.

## FACTUAL ALLEGATIONS

**9.** Defendant RTS markets and sells tax services.

**10.** Defendant routinely violate the TCPA as a part of their business model and knowingly and willfully commit TCPA violations.

**11.** At all times relevant hereto, Plaintiff maintained and used a residential cellular telephone line, with phone number (915) 215-9245. Plaintiff's phone number is his private cell phone number.

**12.** Plaintiff received at least two (2) prerecorded, soliciting phone calls since November of 2024, to his personal cell phone number (915) 215-9245, the phone calls were prerecorded because they were impersonal to Plaintiff and sounded robotic in nature, promoting debt relief services from Defendant.

**13.** **Call 1:** On November 6, 2024, Plaintiff received a missed call from phone number 331-224-6191 with a prerecorded message soliciting tax services and call back number 614-818-5902 left in his voicemail. The message was prerecorded because it was impersonal to Plaintiff and sounded robotic.

**14.** **Call 2**: On November 12, 2024, Plaintiff received a missed call from phone number 470-492-0613 with the same prerecorded message soliciting tax services and call back number 773-360-9665 left in his voicemail. The message was prerecorded because it was impersonal to Plaintiff and sounded robotic.

**15.** On February 25, 2025, Plaintiff, annoyed and frustrated by the illegal phone calls being sent to his cellular phone, called 614-818-5902 number left in the last voicemail, mentioned in paragraph 13.

**16.** Plaintiff was directly connected to Defendant who began to solicit for tax services. Plaintiff called back as part of investigation to identify who was responsible for sending the prerecorded calls to his private phone number.

**17.** Plaintiff received a contract from Defendant and was charged without signing and returning the document. Plaintiff was charged an amount of $375.00, which appeared on his bank account from the Defendant.

**18.** On March 4, 2025, Plaintiff, determined to find who is responsible for the prerecord message mentioned in paragraph 14, called back 773-360-9665 number left in the voicemail.

**19.** Plaintiff was connected directly to Defendant and had his friend go through the call to confirm the identity of Defendant. Plaintiff was sent a contract from Defendant during the call.

**20.** Plaintiff was not interested in Defendant's services but went through the process in order to uncover the source of the prerecorded phone calls.

**21.** On March 4, 2025, Plaintiff conducted a search for Defendant's on https://direct.sos.state.tx.us/telephone/TelephoneSearch.asp, and discovered Defendant does not have a solicitation registration certificate on file with the Texas Secretary of State as required to make telephone solicitations to Texas residents. Plaintiff is a Texas resident.

**22.** Defendant is not an organization exempt from the TCPA.

**23.** Defendant did not have Plaintiff's prior express written consent to make any of these prerecorded telemarketing calls.

**24.** Prior to these unsolicited telephone communications, Plaintiff had never done any business with Defendant and Plaintiff never provided Defendant with his cellular telephone number.

**INJURY, HARM, DAMAGES, AND ACTUAL DAMAGES AS A RESULT OF THE CALLS**

**25.** Defendant's calls harmed Plaintiff by causing the very harm that Congress sought to prevent—a "nuisance and invasion of privacy."

**26.** Defendant's calls harmed Plaintiff by trespassing upon and interfering with Plaintiff's rights and interests in Plaintiff's cellular telephone line.

**27.** Defendant's calls harmed Plaintiff by intruding upon Plaintiff's seclusion.

**28.** Plaintiff has been harmed, injured, and damages by the calls including, but not limited to: reduced device storage, reduced data plan usage, anger, frustration, invasion of privacy, and more frequent charging of his cell phone.

**CAUSES OF ACTION:**

**I. FIRST CLAIM FOR RELIEF**

**(Non-Emergency Robocalls to Cellular Telephones, 47 U.S.C. § 227(b)(1)(A))**

**29.** Plaintiff incorporates and realleges, as though fully set forth herein, each of the paragraphs above.

**30.** The foregoing acts and omissions of Defendant and/or their affiliates or agents constitute multiple violations of the TCPA, 47 U.S.C. § 227(b)(1)(A), by making non-emergency telemarketing robocalls to Plaintiff's cellular telephone numbers without his prior express written consent.

**31.** Plaintiff was statutorily damaged at least two (2) times under 47 U.S.C. § 227(b)(3)(B) by Defendant by the telephone calls described above, in the amount of $500.00 per call.

**32.** Plaintiff was further statutorily damaged because Defendant willfully or knowingly violated this subsection of the TCPA. Plaintiff requests that the court treble the damage amount as permitted under U.S.C. § 227(b)(3)(C) for this willful or knowing violation.

**33.** Pursuant to 47 U.S.C. § 227(b)(3)(A), Plaintiff also seeks a permanent injunction prohibiting Defendant and their affiliates and agents from making non-emergency telemarketing robocalls to cellular telephone numbers without the prior express written consent of the called party.

## II. SECOND CLAIM FOR RELIEF
## (Violations of The Texas Business and Commerce Code 302.101)

**34.** Plaintiff incorporates the foregoing allegations as if set forth herein. by reference each and every allegation set forth in the preceding paragraphs.

**35.** The foregoing acts and omissions of Defendant and/or their affiliates or agents constitute multiple violations of the Texas Business and Commerce Code 302.101, by making non-registered solicitation calls to Plaintiff's cellular telephone number without his prior express written consent.

**36.** Plaintiff is entitled to an award of up to $5,000 in damages for each such knowing or willful violation. Texas Business and Commerce Code 302.302.

**37.** Plaintiff is entitled to an award for all reasonable costs of prosecuting the action, including court costs and investigation costs, deposition expenses, witness fees and attorney's fees.

## III. PRAYER FOR RELIEF

WHEREFORE, Plaintiff Jorge Alvidrez prays for judgment against the Defendant as follows:

A. Leave to amend this Complaint to name additional DOES as they are identified and to conform to the evidence presented at trial;

B. A declaration that actions complained of herein by Defendant violate the TCPA and Texas state law;

C. An injunction enjoining Defendant and their affiliates and agents from engaging in the unlawful conduct set forth herein;

D. An award of $1,500 per call in statutory damages arising from the TCPA intentional violations jointly and severally against the corporation for two (2) calls.

E. An award of $5,000 in statutory damages arising from each violation of the Texas Business and Commerce code 302.101.

F. An award to Plaintiff of damages, as allowed by law under the TCPA;

G. An award to Plaintiff of pre-judgment and post-judgment interest, and costs, as allowed by law and equity

H. Such further relief as the Court deems necessary, just, and proper.

Dated: March 28, 2025,

Respectfully submitted,

Jorge Alvidrez
Plaintiff, Pro Se
3125 Crown Rock Dr
El Paso, TX 79938
915-215-9245
Jorgealvidrez95@gmail.com