UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| **JORGE ALVIDREZ,** § | |
| § | |
| *Plaintiff*, § | |
| § | |
| v. § | No. 3:25-CV-00104-LS |
| § | |
| **REMEDY TAX SOLUTIONS LLC,** § | |
| § | |
| *Defendant.* § | |

**ORDER DENYING MOTION FOR SUBSTITUTE SERVICE**

Plaintiff Jorge Alvidrez requests that the Court allow him to serve Defendant Remedy Tax Solutions LLC via substituted service.[1] Specifically, he would like to serve Defendant through the California Secretary of State, email, and delivering a copy of the summons and complaint via certified mail to Defendant's principal address and its owner's address.[2]

A corporation, partnership, or other association may be served "in the manner prescribed by Rule 4(e)(1) for serving an individual."[3] Fed. R. Civ. P. 4(e)(1) allows service "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made."[4] Plaintiff is attempting to serve Defendant in California.[5]

Texas law requires a "motion supported by a statement—sworn to before a notary or made under penalty of perjury—listing any location where the defendant can probably be found and stating specifically the facts showing that service has been attempted."[6] The statement Plaintiff

---

[1] *See* ECF No. 3.
[2] *Id.* at 2.
[3] Fed. R. Civ. P. 4(h)(1)(A).
[4] *Id.* 4(e)(1).
[5] ECF No. 3 at 1.
[6] Tex. R. Civ. P. 106(b).

provided was made by him, not by a process server.[7] Plaintiff has no personal knowledge of the attempts to serve Defendant, and a statement relaying the hearsay statements of the process server is insufficient to support a motion for substitute service.[8] However, to the extent that Plaintiff seeks to serve Defendant via certified mail, he is already permitted to do so under Texas law.[9]

California law requires service on a limited liability company by delivering the summons and complaint "to the person designated as agent for service of process" or to an officer authorized to receive service of process.[10] In lieu of this, under Cal. Civ. Proc. Code § 415.20, the plaintiff can leave a copy of the summons and complaint in the agent's office, or, if the office is not known, at his usual mailing address with someone who is at least eighteen years old, and also mail a copy of the summons and complaint by first class mail.[11] If the designated agent cannot with reasonable diligence be found at the address designated for personal delivery and the plaintiff has shown by affidavit that he cannot serve the designated agent in the manner provided by Cal. Civ. Proc. Code § 415.20(a) with reasonable diligence, then the court can order service upon the California Secretary of State.[12]

Plaintiff has not shown reasonable diligence in attempting to serve Defendant in the manner designated in Cal. Civ. Proc. Code § 415.20. He has not attempted to leave a copy of the summons and complaint at the office of Defendant's registered agent or at the agent's mailing address with

---

[7] ECF No. 3-2 at 1–2.
[8] *C.f. Coronado v. Norman*, 111 S.W.3d 838, 841 (Tex. App. 2003) ("[S]ubstituted service may not properly issue on a motion supported by an affidavit that is conclusory or otherwise insufficient."); *see also Washington DC Party Shuttle, LLC v. IGuide Tours*, 406 S.W.3d 723, 731 (Tex. App. 2013) ("The court has stated on numerous occasions that an affidavit showing a lack of personal knowledge is incompetent or legally insufficient.").
[9] Tex. R. Civ. P. 106(a)(2). For a limited liability company, such service must be made on the person designated as an agent under Tex. Bus. Orgs. Code § 5.255 and must be made by the clerk of the court in which the case is pending. *Perkins v. S&R Gold & Silver Exch., LLC*, No. 3:21-CV-1437-L, 2022 WL 658563, at *1–2 (N.D. Tex. Mar. 4, 2022).
[10] Cal. Civ. Proc. Code § 416.40(b).
[11] *Id.* § 415.20(a).
[12] Cal. Corp. Code § 17701.16(c).

someone aged eighteen or older. Therefore, the Court cannot order service on the Secretary of State.

For the foregoing reasons, the Court will deny Plaintiff's motion for substitute service [ECF No. 3]. Plaintiff had ninety days to serve Defendant and has not done so.[13] Under the Federal Rules of Civil Procedure, "the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time."[14] The court must extend the time for service if the plaintiff "shows good cause for the failure."[15] Therefore, the Court orders Plaintiff to show cause why he has failed to effect service of process by **November 5, 2025**. Failure to comply with this Order will result in the dismissal of this case under Fed. R. Civ. P. 4(m) without further notice.

**SO ORDERED**.

**SIGNED** and **ENTERED** on October 6, 2025.

_____
**LEON SCHYDLOWER**
**UNITED STATES DISTRICT JUDGE**

---

[13] Fed. R. Civ. P. 4(m).
[14] *Id.*
[15] *Id.*